UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARJIT SINGH, on behalf of himself and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BNO SERVICE STATION, LLC, a/k/a EXXON, NESLIHAN KIPGE, Individually, and UGAR OLGUN, Individually,<br><br>Defendants. | Civil Action No.:<br><br>COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff HARJIT SINGH ("Perez-Quinteros" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through the undersigned attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, BNO SERVICE STATION, LLC, a/k/a EXXON, ("corporate Defendant" or "BNO"), NESLIHAN KIPGE, Individually ("Kipge"), and OGUR OLGUN ("Olgun"), Individually (collectively Defendants), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL"), and associated provisions of the New Jersey Administrative Code ("NJAC"), as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated – who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

3. Beginning in or about 2021, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. Beginning in or about 2021, Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work below the minimum wage as required by applicable federal and New Jersey state law.

5. The Plaintiff has initiated this action on behalf of himself and similarly situated individuals to recover the overtime compensation as well as the minimum wage that Plaintiff and similarly situated individuals were deprived of, as well as liquidated damages and attorneys' fees and costs, pursuant to the applicable federal and New Jersey state law.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

7. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

8. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. At all times material hereto, Plaintiff performed non-exempt gas station attendant duties for the Defendants based from their Hudson County, New Jersey location. Defendants are therefore within the jurisdiction and venue of this Court.

10. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as

defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant BNO is a service station selling gasoline, as well as other services, and is a company which purchases goods and materials that move through interstate commerce. Alternatively, Plaintiff and those similarly situated persons worked in interstate commerce, i.e., Defendants' employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated persons fall within the protections of the Act.

## PARTIES

11. Plaintiff is an adult individual who is a resident of Hudson County, New Jersey.

12. Plaintiff was employed by Defendants as a gas station attendant, performing duties in furtherance of Defendants' business, from in or about February 2021, and is currently employed by Defendants.

13. Defendant BNO is a New Jersey business entity, with its main business address in Jersey City, New Jersey.

14. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor and services on behalf of Defendants.

15. Upon information and belief, the individual Defendant, Kipge, is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, Defendant Kipge was an owner, partner, officer and/or manager of the Defendant BNO.

17. Upon information and belief, at all times relevant to this Complaint, Defendant Kipge has had power over personnel decisions at the Defendant BNO's service station business.

18. Defendant Kipge was regularly present at BNO and managed the day to day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

19. Upon information and belief, individual Defendant, Olgun, is a New Jersey state resident.

20. Upon information and belief, at all times relevant to this Complaint, Defendant Olgun was an owner, partner, officer and/or manager of BNO.

21. Upon information and belief, at all times relevant to this Complaint, Defendant Olgun has had power over personnel decisions at the Defendant BNO's service station business.

22. Defendant Olgun was regularly present at BNO and managed the day to day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

23. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

24. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

25. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

26. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

27. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, NJWHL, and NJWPA, by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one

and one half times their regular rate of pay, for all time worked in excess of 40 hours in any given week, as well failing to pay its employees at the minimum wage rate pursuant to 29 U.S.C. § 207.

28. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages, as well as paying the Plaintiff and putative class members at the minimum wage rate. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

29. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' service station business.

## **FACTS**

30. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately 2021, and continuing to the present, Defendants employed the Plaintiff and members of the putative class to perform tasks in furtherance of their service station enterprise.

31. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff and similarly situated employees for all overtime hours worked in a work week and did not properly pay Plaintiff and similarly situated employees at the minimum wage rate.

32. Defendants failed and refused to pay Plaintiff and similarly situated employees' overtime for the hours that they worked in a work week in excess of forty (40) hours.

33. Defendants failed and refused to pay Plaintiff and similarly situated employees' the minimum wage rate for all hours that they worked in a work week.

34. Plaintiff routinely worked seven (7) days per workweek.

35. Plaintiff routinely worked approximately seventy (70) hours per workweek.

5

36. Regardless of the number of hours that Plaintiff worked each week in excess of forty (40), Defendants generally improperly paid Plaintiff at his regularly hourly rate of pay, versus at one and one half times his hourly rate of pay.

37. Further, Plaintiff was not paid at the minimum wage rate.

38. Upon information and belief, employees similarly situated to Plaintiff were also only compensated at their regular rate of pay, regardless of the fact that they also routinely worked in excess of forty (40) hours in a workweek.

39. Upon information and belief, employees similarly situated to Plaintiff were also compensated below the minimum wage rate.

40. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL, and NJWPA, as described in this Complaint.

41. At all times material hereto, Plaintiff and all similarly situated employees performed their duties for the benefit of and on behalf of Defendants.

42. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJWPL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty (40) within a work week, as well as not paying Plaintiff and those similarly situated employees at the minimum wage rate.

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION
### PURSUANT TO THE FLSA

43. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

44. Plaintiff is entitled to compensation at one-half times his regular rate of pay for his overtime hours worked each work week.

45. All laborers of the Defendants are similarly situated and are also owed their overtime rate for each and every overtime hour they worked and were not properly paid.

46. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at time and one half of their regular rate of pay for their overtime hours worked.

47. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

48. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

49. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

50. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

51. Defendants' aforementioned conduct is in violation of the NJWHL, New Jersey Statutes §§ 34:11-56a4 *et seq.*, in that the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

52. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

53. As a result of Defendants' violations of the NJWHL, Plaintiff and similarly situated employees are entitled to liquidated and/or treble damages.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

54. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

55. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law, N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiff for all hours worked.

56. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

57. As a result of Defendants' violations, Plaintiff and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWPL.

## COUNT IV
## RECOVERY OF MINIMUM WAGE
## COMPENSATION PURSUANT TO THE NJWHL

58. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

59. Pursuant to New Jersey Statutes §§ 34:11-56a4 et seq., every employer shall pay to each of his employees' wages at a rate of not less than the state minimum wage.

60. In violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay the Plaintiff the statutorily required minimum wage compensation for all hours worked for the Defendants.

61. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to his unpaid wages.

62. Effective August 6, 2019, Plaintiff is further entitled to liquidated damages equal to up to 200% of his wages owed, New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a *et. seq*. (as amended on August 6, 2019, S1790).

63. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has also incurred costs and reasonable attorneys' fees.

## JURY TRIAL

64. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff HARJIT SINGH, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, liquidated and/or treble damages as permitted under the NJWHL, unpaid wages, attorneys' fees and costs as permitted under the NJWHL.

(3) on their third cause of action, against Defendants in an amount to be determined at trial, liquidated and/or treble damages as permitted under the NJWPL, unpaid wages, attorneys' fees and costs as permitted under the NJWPL.

(4) On their fourth cause of action, against Defendants in an amount to be determined at trial,

liquidated and/r treble damages as permitted under the NJWJL, unpaid wages, attorneys' fees and coasts as permitted under the NJWJL.

    (5) and for such other and further relief that this Court deems just and proper.

Dated: August 4, 2023                      Respectfully submitted,

                                            JAFFE GLENN LAW GROUP, P.A.

                                            /s/ Jodi Jaffe
                                            Jodi J. Jaffe, Esq.
                                            E-mail: jjaffe@jaffeglenn.com
                                            Andrew Glenn, Esq.
                                            Email: aglenn@jaffeglenn.com
                                            300 Carnegie Center, Suite 150
                                            Princeton, New Jersey 08540
                                            Tel: (201) 687-9977
                                            Fax: (201) 595-0308
                                            *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 4, 2023, the foregoing document is being served this day on all counsel of record identified on the attached Service List via CM/ECF.

Date: August 4, 2023                    Respectfully submitted,

                                              JAFFE GLENN LAW GROUP, P.A.

                                              /s/ Jodi J. Jaffe
                                              Jodi J. Jaffe, Esquire
                                              E-mail: JJaffe@JaffeGlenn.com
                                              Andrew Glenn, Esq.
                                              Email: aglenn@jaffeglenn.com
                                              300 Carnegie Center, Suite 150
                                              Princeton, New Jersey 08540
                                              Telephone: (201) 687-9977
                                              Facsimile: (201) 595-0308
                                              *Attorneys for Plaintiffs*