UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARJIT SINGH, et.al., <br><br> Plaintiffs, <br><br> vs. <br><br> BNO SERVICE STATION, LLC, et.al., <br><br> Defendants. | Civil Action No.: 2:23-cv-04196-MEF-ESK |

**PLAINTIFF'S SUPPLEMENT TO MOTION FOR FINAL DEFAULT JUDGMENT ADDRESSING DAMAGES AND ATTORNEYS' FEES**

Dated August 4, 2025

Respectfully submitted,

JAFFE GLENN LAW GROUP, P.A

/s/Andrew Glenn
Andrew Glenn, Esquire
Email: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, NJ 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*

## INTRODUCTION

The undersigned counsel, on behalf of Plaintiff, Harjit Singh ("Plaintiff" or "Singh"), hereby supplements his Motion for Final Default Judgment as to Defendants BNO Service Station, LLC ("BNO"), Neslihan Kigpe, Individually ("Kigpe"), and Ugar Olgun, Individually (" Olgun ") (collectively "Defendants") in accordance with the provisions of Fed. R.Civ.P, Rule 55(b)(2), and the Court's prior Opinion and Order dated July 10, 2025 [DE15], which requested more clarity with respect to Plaintiff's damages and amended counsel's attorneys' fees and costs in accordance with this supplement.

The outstanding claims which Plaintiff seeks judgment on are based on Plaintiff's allegation that Defendants failed to pay Plaintiff compensation in accordance with the Fair Labor Standards Act, 29 U.S.C. §201, *et.seq.,* ("FLSA"), the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a, *et.seq*, ("NJWHL"), and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4, *et.seq*. ("NJWPL"). More specifically, Plaintiff claimed that he was not paid New Jersey minimum wages and further was not paid overtime in accordance with New Jersey and federal law.

**DAMAGES**

An employee seeking to recover unpaid minimum wages or overtime "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946). ("[A] plaintiff may meet his or her burden of establishing how many hours he or she worked 'by relying solely on his or her recollection." (citation omitted). Accordingly, a hearing on damages is not necessary.

Plaintiff has met this burden, not only through the allegations in the Complaint, but also through Plaintiff's Revised Affidavit, which states his rate of pay, the number of hours he

generally worked each workweek, and the number of days he worked each week. Since Plaintiff has executed a detailed affidavit providing definite figures, a hearing on damages is not necessary.

Plaintiff is entitled to recover damages for unpaid wages for the entirety of his employment, from in or about February, 2021, through in or about July, 2023, pursuant to the amendments to the New Jersey Wage and Hour Law, N.J.S.A. §34:11-56a, *et.seq.*, and the New Jersey Wage Payment Law, N.J.S.A. §34:11-4.1, *et.seq.*, which took effect on August 6, 2019, and which extended the statute of limitations from two years to six years, allowing for the recovery of damages for six years prior to the filing of a complaint. Further, the amendments also allow for Plaintiff to recover enhanced liquidated damages, up to 200%. Therefore, Plaintiff seeks his damages pursuant to the NJWHL and NJWPL versus under the FLSA, 209 U.S.C. §201, *et.seq.,* which is generally limited to recovery for only two years prior to the filing of a complaint and to a cap of 100% liquidated damages.

Plaintiff affirms that he worked for Defendants from in or about February 2021 through in or about July 2023. (P Aff. ¶ 4). Plaintiff further affirms that on average, he worked approximately seven (7) days per week and seventy hours per week and was paid for forty (40) hours a week at $13.00 per hour, or $520.00 per week. (P Aff. ¶¶ 5,6). Plaintiff was paid only $10.00 an hour, in cash, for his hours worked in excess of forty (40) in a workweek, or $300.00 per week. (P Aff. ¶ 5). Based on Plaintiff's sworn statements, he was paid $820 per week, or $11.71 ($820 divided by 70) for all hours worked. Thus, to bring Plaintiff to minimum wage, in 2021 or $12.00 per hour, he is owed $962.22 ($.29 x 70 hours x 47.4 weeks; for 2022, using a $13.00 an hour minimum wage, P is owed $4,695.60 ($1.29 x 70 hours x 52 weeks); and, for 2023, using a $14.13 an hour minimum wage, P is owed $5,420.80 ($2.42 x 70 hours x 32

weeks). Thus, for Defendants' minimum wage violations, Plaintiff is owed $11,078.62. (P Aff. ¶ 6).

Unpaid Overtime Wages

Having calculated Plaintiff's unpaid minimum wages above, Plaintiff now seeks unpaid overtime wages. Based on Plaintiff's sworn statements, he calculates his unpaid overtime as follows: in 2021, the overtime rate of pay is $18.00 an hour, which is 1 ½ times the New Jersey minimum wage of $12.00 per hour. Because Plaintiff was paid $10.00 per hour for each overtime hour worked, he is owed an additional $8.00 an hour for those hours worked in excess of forty (40), or $11,376.00 ($8.00 x 30 hours x 47.4 weeks); in 2022, he is owed $14,820.00, based on the New Jersey Minimum wage of $13.00 per hour, making the overtime rate $19.50 per hour, less the $10.00 per hour Plaintiff was paid ($9.50 x 30 hours x 52 weeks); and in 2023, he is owed $10,742.40, based on the New jersey minimum wage of $14.13 and the overtime rate of pay of $21.19, less the $10.00 Plaintiff was paid ($11.19 x 30 hours x 32 weeks). For his unpaid overtime, Plaintiff is owed a total of $36,938.40. (P Aff. ¶ 7).

Liquidated Damages

Plaintiff seeks liquidated damages of 200% of Plaintiff's actual wages as authorized by the amended NJWHL and the NJWPL for Defendants' willful violations of the Federal and NJ statutes. See N.J.S.A. §34:11-4.10(c).  See Plaintiff's Aff ¶12 and based on the allegations in Plaintiff's Amended Complaint. The standard for proving damages under the NJWHL is similar to that under the FLSA". *Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 116CV08772NLHAMD, 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018).

"Liquidated damages are presumed for [a] FLSA overtime violation," and "[t]o avoid mandatory liability for liquidated damages, an employer must show that it acted in good faith

and that it had reasonable grounds for believing that it was not violating the Act.'" *Saiyed v. Archon, Inc.*, 2021 WL 3561219, at *4 (D.N.J. Aug. 11, 2021) (quoting *Sec'y U.S. Dept. of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 433 (3d Cir. 2017). Because Defendants did not appear, they have presented no evidence evincing their good faith or reasonable belief they were not violating the FLSA. See *Delgado v. Auto Gallery LLC*, No. 20CV18593KSHCLW, 2021 WL 5864064, at *5 (D.N.J. Dec. 10, 2021); *Qu Wang*, 2018 WL 3561219, at *5. However, Defendants have waived this good faith defense by failing to appear or respond to the Complaint. Accordingly, Plaintiff is entitled to liquidated damages under the NJWHL and NJWPL in the amount of 200% of his actual damages, or $96,034.04 (as calculated in his Affidavit and above in the Damages section**).**

**ATTORNEY'S FEES AND COSTS**

A prevailing plaintiff in an overtime claim pursuant to the FLSA and the NJWHL is entitled to an award of "reasonable" attorneys' fees and costs. 29 U.S.C. §216(b). The Third Circuit has concluded "that generally, a reasonable hourly rate is to be calculated according to the prevailing market rates in the community." *Rode v. Dellaciorete*, 892 F.2d 1177, 1183 (3d Cir. 1990. Indeed, the U.S. Supreme Court has stated that when calculating the lodestar, "the market rate in the relevant community is the reasonable hourly rate to use, even if that method overcompensates counsel." *Gulfstream III Associates, Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 422 (3d Cir. 1993) (citing *Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547 (1984).

In *Delgado*, the New Jersey District Court recently addressed the issue of attorney's fees, wherein the Court writes, "[t]he billing statements in the record demonstrate that work was performed by four attorneys with varying degrees of legal experience at hourly rates ranging

from $275-$300 for junior and mid-level associates, to $375 for a senior associate with more than 12 years of employment law experience. Similar rates have been upheld by courts in this district. *See Santiago v. Lucky Lodi Buffet Inc.*, 2016 WL 6138248, at *4 (D.N.J. Oct. 21, 2016) (Arleo, J) (approving hourly rate of $450 for partner and $375 for associate with four years of employment law experience); *Jian Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, 2019 U.S. Dist. LEXIS 205435, 2019 WL 6318341, at *4 (D.N.J. Nov. 26, 2019) (Cecchi, J) (approving hourly rate of $350 for managing associate); *Punter v. Jasmin Int'l Corp.*, 2014 U.S. Dist. LEXIS 138490, 2014 WL 4854446, at *7 (D.N.J. Sept. 30, 2014) *Vidal v. Paterson Car Emporium LLC*, No. 19-cv-12711 (KSH) (CLW), 2023 U.S. Dist. LEXIS 8482, at *12 (D.N.J. Jan. 18, 2023).

The undersigned attorney, as reflected in the attached Attorney Fee Declaration, has almost 35 years of experience as an attorney, of which 20 years have been spent exclusively handling FLSA matters both on and individual, as well as collective and class basis. (Attorney Fee Declaration). Further, Jodi Jaffe, Esq., the undersigned's partner that participated in the litigation of this matter, has been an attorney for almost 35 years, of which over 13 years has been spent predominantly handling FLSA and related state wage claims.

WHEREFORE, it is respectfully requested that a final judgment be entered against Defendants BNO Service Station, LLC, Neslihan Kigpe, Individually, and Ugar Ulgun, Individually, and in favor of Plaintiff Harjit Singh.

Dated August 4, 2025                    Respectfully submitted,

/s/Andrew Glenn
Andrew Glenn, Esquire
Email: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
JAFFE GLENN LAW GROUP, P.A.
300 Carnegie Center, Suite 150
Princeton , NJ 08540

Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Andrew Glenn
Andrew Glenn, Esq.

## SERVICE LIST

**VIA U.S. MAIL**
BNO Service Station, LLC
Neslihan Kigbe
Ugar Olgun
1400 South Avenue, Apt. 302
Plainfield, NJ 07062