**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HARJIT SINGH, on behalf of himself and all other persons similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BNO SERVICE STATION, LLC, a/k/a EXXON et al.,<br><br>*Defendants*. | No. 23-cv-04196 (MEF)(SDA)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this Opinion and Order, the Court assumes some familiarity with the allegations and procedural history of this case.

\* \* \*

The relevant background:

In January of this year, the Plaintiff[1] filed a motion for default judgment. See Plaintiff's Motion for Final Default Judgment (ECF 14) at 1.

The Court granted the motion as to liability under the Fair Labor Standards Act and the New Jersey Wage and Hour Law. See Singh v. BNO Serv. Station, LLC, 2025 WL 1904493, at *6 (D.N.J. July 10, 2025).

But the Court denied the motion as to damages. See id.

The reason why: "a court may grant default judgment as to damages [only] if damages are for 'a sum certain or a sum that

---

[1] Harjit Singh.

can be made certain by computation.'" Baymont Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, 235 (D.N.J. 2024) (quoting 10 Moore's Federal Practice § 55.32 (2024)).

But the Plaintiff's damages calculations "ma[d]e it difficult . . . to determine the 'sum certain' [in] play." Singh, 2025 WL 1904493, at *6. Among the issues identified by the Court: the Plaintiff "double count[ed] much of his potential recovery." Id.

The Court's denial of the January motion for default judgment was without prejudice, and the Court indicated that the Plaintiff could "reopen the motion by submitting accurate and easy-to-follow . . . damages calculations." Id.

That brings things up to date.

\* \* \*

The Plaintiff has now, again, moved for default judgement as to damages. See Plaintiff's Supplement to Motion for Final Default Judgment Addressing Damages and Attorneys' Fees ("Plaintiff's Supplement") (ECF 22) at 2-5.

The motion is again denied.

There are two problems with the Plaintiff's damages calculations. Because of these, the Court cannot generate the sort of smooth "sum certain" computation, Baymont Franchise Sys., 348 F.R.D. at 235 (cleaned up), that is necessary in the default-judgment context.

\* \* \*

The first difficulty.

The Plaintiff seeks damages for both "minimum wage violations" and unpaid overtime wages. Plaintiff's Supplement at 3-4.

And in each instance, the Plaintiff calculates the damages he is assertedly owed in a sensible way --- based on the value of the gap between (a) what the law required that he be paid and (b) what he actually was paid. See id.

But (b) is all over the map. At different places in the Plaintiff's legal papers, he says different things about what he was paid.

The Plaintiff indicates that he worked roughly 70 hours per week. See id. at 3.

2

But what did he get paid per hour?

The Plaintiff states that he was paid $13.00 per hour for the first 40 hours each week, and then "only $10.00 an hour, in cash, for his hours worked in excess of forty (40) in a workweek." Id.

But elsewhere in his papers, the Plaintiff erases out any straight-time/overtime distinction, stating instead that he was paid $11.71 per hour "for all hours worked." Id. (emphasis added).

These are contradictory. The Plaintiff could have been paid $13.00 per regular hour and $10.00 per overtime hour. Or he could have been paid $11.71 for every hour. But both cannot be true.

There is no way to calculate to a "sum certain," Baymont Franchise Sys., 348 F.R.D. at 235 (cleaned up), how much the Plaintiff was underpaid without first knowing what the Plaintiff was paid. And as to that, the Plaintiff has not been consistent.[2]

\*   \*   \*

There is also a second problem with the Plaintiff's damages calculations, related to double-counting.

The Plaintiff seeks damages for both "minimum wage violations" and unpaid overtime wages. Plaintiff's Supplement at 3-4. And he seeks damages for the period from February 2021 to July 2023. See id. at 3.

---

[2] It may be that, to the Plaintiff, all of this is a wash --- because regardless of whether he was paid $13.00/$10.00 per hour or $11.71 per hour, each adds up, in its own way, to around $820 per week. But the Plaintiff presses no argument along these lines. And such an argument would likely be a hard one to make stick. It is not clear how the obligation of judicial integrity can be squared with an invitation to issue a binding judgment based on a set of facts that simply cannot all be true --- because the proffered facts are internally and obviously contradictory. (And all the more so, perhaps, when the hypothesized judgment (a) would be issued against a party that has not appeared to defend itself and (b) would have to satisfy the relatively demanding "sum certain" standard.)

To see the double-counting issue, take as an example 2023.[3]

As to that year's asserted minimum wage violations, the Plaintiff aims to recover for <u>all</u> of the time he worked (roughly 70 hours per week). <u>See</u> <u>id</u>. And in that context, the Plaintiff alleges he was paid $11.71 per hour "for all hours worked." <u>Id</u>.

New Jersey's minimum wage was $14.13 per hour in 2023. <u>See</u> <u>Singh</u>, 2025 WL 1904493, at *6.

So the Plaintiff calculates that, based on the difference between the minimum wage ($14.13) and the per-hour amount he was paid ($11.71), he is owed $2.42 for every 2023 hour he worked. <u>See</u> Plaintiff's Supplement at 3.

Now take the Plaintiff's contentions as to unpaid overtime.

As to overtime, the Plaintiff seeks to recover for the 30 overtime hours he worked each week (that is the 30 overtime hours he worked each week beyond the 40-hour mark). And he says he was paid $10.00 per hour for each overtime hour he worked. <u>Id</u>.

What then is the Plaintiff owed for each of the 30 overtime hours? The statutory rate was one and one-half time, <u>see</u> 29 U.S.C. § 207(a)(1); N.J. Stat. Ann. § 34:11-56a4(b)(1), and the statutory minimum wage in New Jersey in 2023 was $14.13. <u>See</u> <u>Singh</u>, 2025 WL 1904493, at *6

Doing that 1.5x math, the Plaintiff should have been paid $21.19 for each hour of overtime.

Looking to the value of the difference between (a) what the law required that he be paid ($21.19) and (b) what he was assertedly actually paid ($10.00), the Plaintiff contends that he is owed $11.19 for every hour of 2023 overtime. <u>See</u> Plaintiff's Supplement at 4.

But this (a) minus (b) calculation (which yields the just-noted conclusion that the Plaintiff is owed $11.19 per hour) ignores the minimum wage plus-up that the Plaintiff <u>also</u> seeks (an hourly plus-up of $2.42, mentioned just above).

And if that $2.42 is not to be counted twice, then it needs to be backed out --- and the Plaintiff's 2023 recovery for each

---

[3] There is no indication that 2023 was in some way atypical.

4

hour of overtime should likely be $11.19 minus $2.42, for a net recovery of $8.77 per hour.

In January, when the Court first denied in part the Plaintiff's default motion, the Court observed that the Plaintiff's calculations "incorrectly double his recovery, at least for some of the hours he worked." Singh, 2025 WL 1904493, at *6.  That remains the case, as shown just above.  The work of putting together years' worth of "accurate and easy-to-follow . . . damages calculations," id., is as it was --- for the Plaintiff to do.

*   *   *

The motion is denied.  It is not clear what the Plaintiff was paid per hour --- $13.00 for regular time and $10.00 for overtime (as he says), or $11.71 across the board (as he also says).  And the double-counting issue has also not been resolved.

IT IS on this 2nd day of December, 2025, **SO ORDERED**.

_____<br>Michael E. Farbiarz, U.S.D.J.